DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, DeMario Brooks, appeals his conviction for engaging in a pattern of corrupt activity. This Court affirms.
 I. {¶ 2} The Summit County Grand Jury indicted Brooks on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), multiple drug offenses involving possessing or trafficking cocaine, heroin, and marijuana; one count of weapon under disability; and one count of tampering with evidence. Prior to trial, the State dismissed several duplicate counts. The State also dismissed two counts — trafficking in cocaine and possession of heroin-because Brooks had pled guilty to those offenses in an earlier case. After a bench trial, the trial court granted Brooks' motion to dismiss six counts and the state dismissed two additional counts.
 {¶ 3} The trial court found Brooks guilty of engaging in a pattern of corrupt activity, a first degree felony; tampering with evidence, a third degree felony; and possession of heroin, a *Page 2 
fifth degree felony. The trial court sentenced Brooks to ten years in prison on the corrupt activity count and concurrent five year and twelve month sentences on the other two counts. Brooks timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR "APPELLANT'S CONVICTION FOR ENGAGING IN A PATTERN OF CORRUPT ACTIVITY WAS BASED UPON INSUFFICIENT EVIDENCE, AS A MATTER OF LAW."
 {¶ 4} Brooks argues that his conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence. We do not agree.
 {¶ 5} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, 279. We examine the evidence to determine whether, if believed, it would convince the average mind of Brook's guilt beyond a reasonable doubt. Id.
 {¶ 6} Brooks challenges only the sufficiency of the evidence for his conviction for engaging in a pattern of corrupt activity. Specifically, Brooks argues the State failed to prove a pattern of corrupt activity because it proved only one incident, not a pattern. The State indicted Brooks, and several other individuals, on one count of engaging in a pattern of corrupt activity, trafficking in heroin, possession of heroin and marijuana, and having weapons while under disability. According to the evidence offered at trial — which Brooks has not challenged on appeal — Brooks and the other defendants were involved in the sale of narcotics from various homes in the Akron area over an extended period of time. *Page 3 
 {¶ 7} The elements of engaging in a pattern of corrupt activity are found in R.C. 2923.32(A)(1): "No person * * * associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." "Enterprise" includes an association or group of persons associated although not a legal entity. R.C. 2923.31(C). "Corrupt activity" means "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in" any of a series of listed criminal offenses. R.C. 2923.31(I). "Pattern of corrupt activity" is defined as "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E).
 {¶ 8} Brooks argues that the State failed to prove a pattern of corrupt activity because, he asserts, the State failed to prove "two or more incidents of corrupt activity." He concedes the State proved one incident of corrupt activity — tampering with evidence. He argues that the State failed to gain a conviction on another offense that could serve as a second incident. On appeal, Brooks did not challenge the State's proof on any other element of the offense and, therefore, we consider only the element he contests.
 {¶ 9} The indictment charged Brooks with fifteen specific predicate acts and one additional category of "further incidents" that included all of the other counts in the indictment. Brooks concedes that the State proved Predicate Act Fifteen, tampering with evidence in January 2007. We conclude the State proved at least one additional incident — Predicate Act Three, trafficking in heroin in February 2006.
 {¶ 10} Predicate Act Three charged that Brooks trafficked in heroin on February 15, 2006. Detective Wahl testified for the State about this incident. He said that a controlled buy *Page 4 
took place and that, after his arrest, Brooks admitted to selling heroin. The State introduced a certified copy of Brooks' conviction for trafficking in heroin in violation of R.C. 2925.03. Pursuant to the definition of corrupt activity in R.C. 2923.31(I)(2)(c), trafficking in heroin in violation of R.C. 2925.03 is a corrupt activity.
 {¶ 11} The use of a prior conviction to serve as a prior incident is well settled. In State v. Smith (June 28, 2000), 9th Dist. No. 99CA007387, this Court held that the use of a prior federal conviction to serve as a predicate act was "proper as a matter of statutory law." We have also held that the use of prior convictions does not offend the Double Jeopardy Clause. State v. Yeager (Sept. 6, 2000), 9th Dist. No. 19593 ("Yeager's convictions that stemmed from his guilty pleas in an earlier case are not lesser included offenses of engaging in a pattern of corrupt activity * * *. Therefore, Yeager's convictions in the case at bar do not violate the Double Jeopardy Clause on those grounds."). See, also, Garrett v. United States (1985), 471 U.S. 773.
 {¶ 12} The State presented sufficient evidence to prove two incidents of corrupt activity. Therefore, Brooks' conviction for engaging in a corrupt activity is supported by sufficient evidence.
 III. {¶ 13} Brooks' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1